UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2017 SEP 21  PM 3:36

TWP-MJD-1

A. BRIDGE
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | CASE: 1:15-cr-00159 |
| vs. | ) | |
| JARED FOGLE, | ) | APPEALS CASE: 15-3770 |
| Defendant | ) | |
| | ) | |

## MOTION TO ENTER AMICUS CURIAE BRIEF

**COMES now**, filing in **Pro Se**, **Frank Edwin Pate** does hereby motion to this Court to enter for the purpose of challenging the Subject Matter Jurisdiction over Defendant, **Jared Fogle**, the following brief:

## STANDING

Frank Edwin Pate relies on standing to file this brief based upon the Court and its ruling in these proceedings prior to sentencing:

> **"...in which a party is inadequately represented."** (as noted on record)

This Court found that **Mr. Fogle**, hereafter referred to as **Defendant**, was "adequately represented." **Defendant** contends this finding on the grounds that it is basic legal practice to check for **Subject Matter Juristdiction**; however, neither his lawyers nor the appelite Court lawyers raised this point to the Court.

Furthermore, this Court has also found that **PETRIE** failed in the following:

-1-

"...in which the would-be amicus has a direct interest in another case that may be materially affected by a decision in this case."

It is the assertion of **Defendant** that the case of <u>**Frank Edwin Pate**</u> meets this standard.

Due to the national exposure of **Defendant's** case, this Court's finding on the **Subject Matter Jurisdictional** challenge hereby entered would have a direct impact on the like challenge to **Subject Matter Jurisdiction** entered by <u>**Frank Edwin Pate**</u> **in the 5th Circuit and Eastern District of Texas**.

Under **Article III** the Court is required to make a findings and facts report as to the lack of **Subject Matter Jurisdiction** in **Defendant's** case. This would then influence the cases of <u>**PATE**</u> and anyone else filing similar motions.

---

## RELIEF REQUESTED

---

That this Court GRANT this Amicus, the right to present the following arguments forward toward **Defendant's** actual innocence of crime(s) as Federally charged.

---

## BRIEF UNDER AMICUS CURIAE

---

According to **Black's Law**, "[p]ersonal jurisdiction is (1820) 'a court's power to bring a person into it's adjudicative process; jurisdiction over a person's rights, rather than merely over property."

In any given District Court of the United States, personal

jurisdiction is currently alleged under **Title 18 U.S.C. 3231**, as signed into law by **President Harry S. Truman**, on the 25th of June, 1948. ("Original Jurisdiction")

Additionally, all Federal Courts are bound to inspect **"Subject Matter Jurisdiction"** as to assure that a crime has actually been committed. This is also known as the doctrine of **"Standing,"** as required by **Article III** of the **United States Constitution**.

When a Court finds itself reviewing a charge in which **Subject Matter** lacks factual evidence ("wanting"), then a Court has no choice but to DISMISS the case, for the Court then lacks in **Article III** authority; lacking in evidence over a specific offense.

In the **Law of Federal Courts**, Charles Allen Wright said, "It is a principle of first importance that the federal courts are courts of limited jurisdiction... the federal courts...cannot be courts of general jurisdiction. They are empowered to hear only such cases as are within the judicial power of the United States, as defined in the Constitution, and have been entrusted to them by a jurisictional grant by Congress." [**§7 at 27 (5th Ed. 1994)**]

**"Subject Matter"** is defined by **Black's Law** as follows: **"the issue presented for consideration; the thing in dispute."**

It is clear and evident that the legislation of law passed by Congress will provide us with our direction as to what constitutes a crime.

Another important and "first" matter in checking for jurisdiction is to assure **specific intent** to commit a crime exists; **"the intent to accomplish the precise criminal act one is later charged with."** (Black's Law)

The <u>Fifth Circuit COA</u> offers the following findings (**en banc**):

    1.) **"When a federal court acts outside its statutory**

subject matter jurisdiction, it violates the fundamental
constitutional precept of limited federal jurisdiction."

2.) "The importance of both the lower federal courts
constitutional and statutory subject matter jurisdiction
should not be underestimated."

3.) "Where Congress gives the lower courts jurisdiction
over the certain controversies, due regard for the rightful
independence of state governments which should actuate
federal courts, requires that they scrupously confine
their own jurisdiction to the precise limits which a
federal statute defines." (in reliance of <u>145 F.3d 211,
Marathon Oil Co. v. Ruhrgas, June 1998</u>)


This is clear and supportive. In laymen's terms: courts
are to be focused only on what Congress tells them to 'police.'
Nothing more; nothing less.

The **Supreme Court** offers more guidance on the issue of the
sovereign party's ability to exercise authority:

"But whether a judicial judgement is lawful depends on
whether the sovereign has authority to render it." (<u>180
LED 2D 765, 564 873 McUbtrye Ltd. v. NICASTRO</u>)


---

## JURISDICTIONAL "TRIGGER"

---

In order for a federal Court to have a case in front of it,
the Plaintiff is required to provide **proof of "standing."** This,
of course, triggers and allows that <u>**Article III**</u> authority be envoked

thru this Courts controlling law:

> "the federal courts are courts of limited jurisdiction, and we have an obligation at each stage of the proceedings to ensure that we have Subject-Matter Jurisdiction over the dispute." (in reliance on 707 F.3d 883 Northeastern Rural Electric Mbership Corp. v. Webster Valley Power, Sept. 2012)

When a **case** or **controversy** is essential to the process of law:

> "A case becomes moot, and the federal courts lose Subject Matter Jurisdiction when a justiciable controversy ceases to exist between the parties." see Honig v. Doe, 489 US 305, 317, 108 S.Ct. 592, 98 L.Ed. 2d 686 (1998) (grounding mootness doctrine in the Constitutions **Article III** requirement that courts adjudicate only "actual" ongoing cases or controversies)(Dismissed on Standing) cited from 704 F.3d 475, Aslin v. Financial Indus Regulatory Authority, Inc. Nov 2012(7th)).

In January of this year, the Circuit Court found in Bubala v. Time Warner 846 F.3d 909:

> "An ingenious academic exercise in the conceivable, but as we have said, requires that at the summary judgement stage, a factual showing of perceptible harm" must be evidenced. (in reliance on Lujan, S.Ct)

In other words, when a party is seeking a favorable judgement, they must provide evidence of the offense as charged or claimed.

This issue is not only an ongoing problem for this Court, but an ongoing problem for the entire Federal Court system. According to the **Circuit** in May, 2015, 796 F.3d. 788, United States v. Taylor, the Courts MUST fulfill a "check" over jurisdictional power.

> **"We must fulfill our independent obligation to assure that federal courts have Subject Matter Jurisdiction throughout the proceedings."** see US v. Beard, 745 F.3d 288, 291 (7th Cir 2014).

In almost every case reviewed for this Motion, the Courts fail to mention this point. Yet, is it not the key factor which must always remain "independent?" If not, then anyone can come to court under an assumed harm and get a judgement.

> **"The federal courts, are courts of limited jurisdiction, and we have an obligation at each stage of the proceedings to ensure that we have Subject-Matter Jurisdiction over the dispute."** (Northeastern)

In Spokeo (2016), the **Supreme Court** clarified **Article III** standing:

> **"[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."** Spokeo, Inc. v. Robins, 136 S.Ct 1540, 1547, 194 L.Ed 2d 635 (2016) (citing Lujan, 504 U.S. at 560-61)

This is, of course, the **"trigger"("Injury-in-fact")**. The

-6-

Spokeo court futher clarified that the injury must be concrete:

> "de facto...it must actually exist." Spokeo, 136 S.Ct
> at 1548

The Spokeo Court further stated that the alleged injury must
not be simply a procedural violation divorced from harm. Spokeo
136 S.Ct at 1548.


The following are cases, as of this year, where Subject Matter
Jurisdiction is addressed on a nationwide scale:

> "An appeallate court has an obligation to assure itself
> of its own jurisdiction." 835 F.3d 167, Anversa v. Partners
> Health Ctr. August 2016 (1st Circuit).

> "the court therefor has an flagging obligation to notice
> jurisdictional defects, and to pursue them on its own
> initiative." 821 F.3d 102, Fed Home Loan v. Moody's
> Corp (1st Circuit 2017)

> "In reviewing a district courts determination of whether
> it has Subject Matter jurisdiction the appealate court
> reviews factual findings for clear error and legal conclusions
> de novo." (Mar 2017, LEXIS 4324 DA of NY v. Republic
> of Phillipines 2nd Circuit

and:

> "As a result of the district court lacking jurisdiction,
> the appeallate court has jurisdiction on appeal not of
> the merits but merely for the purpose of correcting the
> error of the lower court in entertaining the suit." (DA

of NY)(Mar 2017, 2nd Cir)

"We exercise de novo review on questions of subject
matter jurisdiction, and we have an independent obligation
to determine whether subject matter jurisdiction exists."
LEXIS 45912 Todd v. US Bank National Assocn. (3rd Cir
2017)

"A court has an obligation to address jurisdictional
sua sponte." Woodfoly v. Maynard, January 2017, LEXIS
8965 (4th Circuit)

"if at any time before final judgement it appears that
the district court lacks in subject matter jurisdiction,
the case shall be remanded." LEXIS 2593 United States
v. Wiggins (4th Cir Feb 2017)

"When a defendant challenges the factual existence of
subject matter jurisdiction rather than the sufficiency
of the complaint itself, no presumption of truthfulness
applies to the plaintiffs allegations." LEXIS 6351 (6th
Cir April 2017)

In other words:  don't believe anything unless it can be proven
by factual evidence.

This Circuit held in February of 2017:

"the appealate court is required to consider subject
matter jurisdiction, as the first question in every case,
and must dismiss this suit if such jurisdiction lacks."

see <u>Kakpovic v. Curran, 850 F.3d 898</u>.


In instant case, no such evidence from the opinion of the same <u>7th Circuit Court</u> was offered in the records of **Defendant's** case under direct review process.


The **Supreme Court** found in <u>72 LED 944, 277 US 430</u> (**Brandeis Dissenting**) that:

> "**experience should teach us to be on our guard to protect liberty when the governments purposes are beneficient.**"

Further the Court found:

> "**the greatest dangers to liberty lurk in insidious encroachment by men of zeal, well-meaning, but without understanding.**"

It is **Defendant's** belief and fear that the failure to examine, in detail, matters of Subject Matter Jurisdiction is an example of the very behavior about which **Justice Brandeis** spoke.


---

## DEFENDANT'S JURISDICTIONAL VIOLATIONS

---


Both of the charges laid down against **Defendant** require elements of proof to sustain a conviction. Most importantly, of course, is the requirement for **Subject Matter** proof.


**Defendant's** charge of <u>18 U.S.C.S. 2433(b)</u> states:

> "**A person who travels in interstate commerce.**"

**Defendant** spent over 200 days a year traveling at the behest of **SUBWAY**, his then employer.

The statute then addresses the **Subject Matter** element of this charge:

> "...**for the purpose of engaging in any illicit sexual conduct with another person.**"

It is important to note that traveling itself in not illegal.

The government did not bear its burden of proof that **Defendant** traveled **"for the purpose of engaging in any illicit sexual conduct with another person."** **Defendant** traveled to New York City at the behest of **SUBWAY**, his employer, for the purpose of representing **SUBWAY** at the New York City Marathon. This had been a task given to him by his employer, **SUBWAY,** for multiple years and is proven by the submitted evidence of receipts for travel expenses that **Defendant** was required to submit to his employer for reemburasal.

None of those receipts show any reembursement for sex. This displays that his **purpose for travel was his employment, not illicit sexual conduct.**

Was **Defendant's** conduct (engaging in sex for money with someone under the age of 18) illegal? Yes, clearly it was and **Defendant** has made no attempt to state otherwise.

Was this conduct accessed by the statute as written by Congress? No. It could not have been unless the subject matter of **"travels in interstate commerce,"** **"for the purpose of engaging in illicit sexual conduct with another person"** was established and proven through factual evidence.

Subject Matter Jurisdiction can never be **conferred** to the **Plaintiff,** nor **waived** by the **Defendant.** **"Congress's authority**

to confer jurisdiction upon the federal courts is limited by <u>Article
III</u> of the Constitution which extends only to 'cases' and 'controversies'"
See <u>388 F.3d 555 Worlwide St. Preachers Fellowship v. Peterson</u>.
In order for any federal court to hold **Article III** authority over
**Defendant** on his <u>2433(b)</u> charge, he would have had to "actually"
and "concretely" violated the Federal Statute by way of traveling
**"in interstate commerce <u>for the purpose of engaging in illicit
sexual conduct with another person</u>."**

If, in fact, that were true, the **Defendant's** employer could
have been considered a conspirator to the charge. **SUBWAY**, however,
was not considered a conspirator because **Defendant's** business manager
ordered his trip to New York City for the **purpose of representing
SUBWAY at the New York City Marathon** [Which is provable by facts
from parties noted]

This fact shows that the **United States** prosecution failed
to supply this court with evidence **Defendant's** illegal "travel
for the <u>Purpose</u> of engaging in illicit sexual conduct with another
person." If **Plaintiff** had applied the principles of law as written,
**Defendant** would be criminally liable for the violation of New York
State laws regarding his criminal conduct, and not prosecutable
under federal statutes. His conduct, although admittedly illegal,
is not punishable under the legislation of <u>18 U.S.C.S. 2243(b)</u>.
**Article III** authoritative powers, in this case, have never been
constitutionally accessed.

In 2010, the year prior to the alleged conduct in this <u>2243(b)</u>
charge, **Defendant** traveled to the city of New York for the purpose
of "running in and representing **SUBWAY**" in the New York City Marathon.

This was an event that he was participating in as an employee of
**SUBWAY** and was nationally televised.

In 2011, **Defendant** traveled to the city of New York once again
to represent **SUBWAY** in the New York City Marathon. **Defendant,**
along with Marathon Directors and **SUBWAY**, made stops all throughout
the city of New York; **SUBWAY** was the "official training restaurant"
of the 2011 New York City Marathon.

As was in the previous year, **Defendant** traveled to New York
City **for the purpose of** and at the behest of **SUBWAY**; not for **the
purpose** of engaging in illicit sexual conduct.

Lacking in a specific violation of **2243(b)**, the District Court
also lacked (and remains to lack) **Article III** authority over **Defendant's**
stated "**illicit sexual conduct.**" In order to access Federal Jurisdiction,
**Defendant** would have had to travel across state lines for the "**Purpose
of** engaging in illicit sexual conduct **with any person.**"

**Defendant** did no such thing. He traveled for the **purpose
of** representing **SUBWAY** in the New York City Marathon, as his receipts
as submitted to his employer will prove. After he stepped off
the plane and commenced his job functions, he was not within the
Federal Courts jurisdiction for any conduct that was illicit. **Defendant**
will not argue that his affair with the young lady in question
was illegal and immoral; however, it was (is) not the Crime of
Charge, nor does it belong to the Federal Government.

In support of this argument, D.C. District Court found in
May or 2017:

> "**appellant has presented only a 'gernally available grievance'
> that does not confer standing.**" citing <u>Lujan v. Defenders</u>

of Wildlife, 504 U.S. 555, 573, 112 S.Ct 2130, 119 L.Ed 2d 351 (1992)(see Id at 573-74)

This also rings true in the case of **Defendant**. He was found "generally" guilty of **"Illicit sexual conduct with any person,"** because he **"traveled in interstate commerce."**

In 2014, the **Supreme Court** held that:

> **"Because appellant failed to establish standing, the district court properly dismissed the case for lack of subject matter jurisdiction."** see Susan B. Anthony List v. Driehaus, 1342 S.Ct 2334, 2342, 189 LED 2d 246

The **United States** established that **Defendant "engaged in illicit sexual conduct with [a] person."** **Defendant** is, in no way, attempting to avoid responsibility for that fact. He is repentent and wishes that his punishment may lead to other potential offenders thinking twice about their conduct. This, however, does not change the legal fact that the **Plaintiff** failed to supply the required proof that **Defendant** traveled **"for the purpose of"** engaging in said conduct. All supplied evidence points to the fact that **Defendant** traveled for the purpose of **"representing SUBWAY at the New York City Marathon,"** and for nothing more.

In May of 2017, the D.C. District Court found that a **Plaintiff** was not entitled to access **Article III** powers because:

> **"The court further concludes that the dismissal is warrented on a separate ground. Article III of the United States Constitution limits judicial power to deciding 'cases'**

-13-

'controversies.'"

The above-mentioned case was against **President Donald J. Trump.**
In this, the Court found that the alleged injury was not sufficiently
in evidence, as Congress allowed for such access to a Federal Court
based on the working of the statute. Here, the Court made sure
that the statutory construction was adhered to strictly as it was
written.

"Where is that written in the statute?" **Justice Gorsuch** asked.
This was his opening question as a **Supreme Court Justice,** and it
was delivered to **Mr. Chris Landau** as a check against **Mr. Landau's**
interpreting the statute to his benefit.

Later, in the Oral Arguments, **Mr. Landau** commented that he
was not attempting to "change the law." **Justice Gorsuch** shot back
with, **"no, just making it up as you go. Right?"** (see Bloomberg
Criminal Law Report)


**"...for the purpose of engaging in illicit sexual conduct."**

**Purpose,** as defined by Random House, is: **"the reason for which
something exists."** 2243(b) allows for Federal provisions over illicit
sexual conduct **ONLY** if the **"travel in interstate commerce"** was
**"for the purpose of engaging in any illicit sexual conduct."** This
requires that some measure of proof be provided to verify that
the travel was for that stated **purpose.**

**Defendant** had no such purpose in mind. He traveled at the
instruction of his employer, **SUBWAY Sandwiches,** for the purpose
of representing **SUBWAY** at the New York City Marathon.

Just as in **President Donald J. Trump's** lawsuit in May of 2017,
**Defendant's** District Court must DISMISS for lack of standing, pursuant

to a lack of **Article III** requirements, as clearly and unambiguously
stated in 2243(b) of Title 18.

---

### 2243(e) ATTEMPT AND CONSPIRACY

---

According to the records, **Defendant** "attempted and conspired"
to commit an offense of 2243(b).  Based on the prior submitted
facts and arguments, **Defendant** asserts that this finding is in
error.

**Defendant**, as noted, traveled for the purpose of **SUBWAY** and
its representation.  If, in fact, **Defendant** was conspiring to travel
"**for the purpose of engaging in illicit sexual conduct,**" and additionally
'conspired' or 'attempted' to violate subsection (A)(B)(C) or (D)
of 2243, then that would imply that **SUBWAY** would have been **Defendant's**
accomplice and co-conspirator.

**SUBWAY** is not, in any way, mentioned in **Defendant's** case.
Yet the records are quite clear that **Defendant** worked for **SUBWAY**
and was required by **SUBWAY** to travel to many cities to execute
his tasks of representation.

How could **Defendant** travel to cities dictated by **SUBWAY** for
the purpose of representing **SUBWAY**, and at the same time travel
with TAYLOR, and also "**travel for the purpose of engaging in illicit
sexual conduct?**"  If **SUBWAY** sent **Defendant** to engage in representation
of the company, how can he also be traveling solely for the **purpose**
of "**engaging in illicit sexual conduct?**"

**2243** is a "**specific intent crime.**"  In fact, the header of
2243 starts out with:

>"**Travel with intent to engage in illicit sexual conduct.**"

We have just addressed "**purpose;**" Defendant's "aim, goal,
or end," his reason for travel was to represent **SUBWAY**, nothing
more.  Specific **intent** would require **Defendant** to have traveled
for sex.  All evidence refutes this notion.

Prostitution is illegal in most states; it is a state violation.
"**Travel with intent to engage** in illicite sexual conduct" is a
Federal violation.  **Defendant** admitted to his sexual misconduct(s)
while away on travel for **SUBWAY**; State offense(s).  **Defendant** traveled
over 200 days a year at the behest of **SUBWAY**, and during that time
his life and daily appearance were under the domain and control
of his employer.  The purpose or intent of his travel, at that
time, was not his own to dictate, therefore it is impossible for
him to have traveled with any other **intent** than to represent **SUBWAY**.

**Defendant** made a choice, as bad as it may have been, to engage
a prostitute.  He did this of his own free will and during a rare
down period between professional appearances.  **Defendant** will fully
state the same.  Mens rea requires that the travel be proven for
the "**purpose of illicit sexual conduct.**"  Lacking in such, the
Government lacks in the necessary element of "standing," and therefore
jurisdiction.  Lacking in proof that **Defendant** specifically and
with "**intent**" traveled to have sex, the United States lacks in
jurisdiction over **Defendant's** misconduct.  The misconduct, as outlined

by the appeals court, was lacking in such evidence.

"Without jurisdiction the court cannot proceed at all
in any cause.  Jurisdiction is the power to declare the
law, and when it ceases to exist, the only function remaining
to the court is that of announcing the fact, and dismissing
the cause."  United States v. Rachuy, 743 F.3d 205, 2011
(7th Cir 2014) as relied on by Judge Pratt, LEXIS: 25279
McGriff v. Schentrel & Sons, Inc. FEB 2017

"Therefore, this court is without jurisdiction to entertain
the matter because there is no longer a live case or
controversy between the parties, which is necessary for
Article III courts of limited jurisdiction." (McGriff)

"Without jurisdiction the court cannot proceed at all
in any case.  Jurisdiction is the power to declare the
law, and when it ceases to exist, the only function remaining
to the court is that of announcing the fact and dismissing
the cause."  Steel Co. v. Citizens for a better Envrt.
523 U.S. 83, 94, 118 S.Ct 1003, 140 LED 2d 210 (1998)

"Federal courts have only the power that is authorized
by Article III of the Constitution and the statutes enacted
by congress pursuant thereto."  citing Bender v. Williamsport
Area School District, 475 U.S. 534, 541, 1065, ct 1326
89 L.Ed. 2d, 501 (1986)(both cited in Hoosier Truck and
Trailer Servs. FEB 19, 2014) LEXIS 70868

> **"This court is without jurisdiction to conclude or act
> otherwise. Subject matter is a synonym for adjudicatory
> competence."** <u>LEXIS 43704 LeForge v. BAC Home Loans
> serving LP, March 2013</u>, in reliance of <u>Morrison v.
> National Australian Bank LTD. 130 S.Ct. 2869, 7876-77,
> 177 Led 2d 535, (2010)</u>

In Summary, lacking in evidence that **Defendant** travelled
solely for the purpose of and with the intent to engage in illicit
sex, any conduct(s) of such nature is outside the jurisdiction
of the Federal Court.

---

## 2252(a)(2)

---

The United States accused **Defendant** of "receiving" and
"Distributing" Child Pornography. Additionally, as noted in the
Appellate court, a charge as is laid over <u>2252</u> of "conspiracy."
**Defendant** contends the charge of "conspiracy."

The United States was required to prove that **Defendant** knowingly
and willingly received and distributed child pornography. There
is neither mention of **Defendant** requesting such, nor does evidence
presented show otherwise.

The affidavit to search **Defendant's** home was not enacted
until some 50 days after **RUSS TAYLOR** was arrested by the **State
of Indiana**. The probably cause for the search is still unknown.
However, it appears that **TAYLOR**, facing massive charges, began

to attempt to mitigate his exposure by dragging **Defendant** into his sordid sex life.  **Taylor** sent two (2) pictures to **Defendant's** cell phone; appeals court, **7th Circuit** recognizes this in their opinion.

What is of most concern is that the pictures found on **Defendant's** phone never traveled across state lines; **TAYLOR** and **Defendant** live in the same city and the phones were merely a few miles away from each other.  Also, there was no element of "commerce" in the picture transfer.  Those are key elements of which the courts are to address, sua sponte.  Yet it appears that not only did the appeals court ignore this, they actually "create" a semblance of jurisdictional implication where one did not previous exist.

Any "visual depiction" that is illegal must travel in "interstate commerce" to envoke Federal Jurisdiction.  Nothing on **Defendant's** case notates any such "fact finding" was afforded to him at either court level.  Furthermore, "in commerce" would require that the "visual depiction" were sent across state lines for "economic" benefit.  Federal jurisdiction requires that both aspects be proven, otherwise the courts have encroached upon the jurisdiction of the state.

The United States cannot simply "infer" guilt of a crime. Guilt must be, in fact, proven.  Proof is a key factor, and in **Defendants** case proof of the Federal Governments right to assume jurisdiction is lacking at almost every turn.

According to the **Chief District Justice** of the District Court in LEXIS 68612, Mongomery v. Market Intl, Incs CO, May 2017:

"this court sees no reason to be any less exacting that
the Seventh Circuit particularly because subject matter
jurisdiction is never waived, meaning that the jurisdictional
defect that goes unnoticed will imperil any judgement
on the merits." relying on **Supreme Court** in <u>Arbough</u>
<u>v. Y&H Corp, 546 U.S. 500, 514, 1765, S.Ct 1235 163</u>
<u>L.Ed 2d 1097(2006)</u>("[s]ubject matter jurisdiction,
because it involves a court's power to hear a case,
can never be forfeited or waived.)(citation omitted)

In other words: this court, the appeals court, lacking in
proof of Subject Matter Jurisdiction, have taken control of **Defendants**
liberty illegally.

---

## CLOSING STATEMENT

---

The **Petitioner** offers to this Court the following **Supreme**
**Court** case for summary guidance to this argument on Subject Matter
Jurisdiction:

"The course of reasoning which leads to this conclusion
is simple, obvious, and admits nor requires little
illustration.
The power of the general government are made up of concessions
from the several states; whatever is not expressly given
to the former, the latter expressly reserve.
The judicial powers of the United States is a constituent

**part of those cessions; that power is to be exercised**

**by courts organized for the purpose, and brought into**

**existence by an effort of the legislative power of the**

**union.**

**Of all the courts which the United States may, under**

**their general power constitute, on only -the Supreme**

**Court- posses jurisdiction derived immediately from**

**the constitution, and of which the legislative power**

**cannot deprive it."** (citing 3 LED 759, 8 Cranch 32

United States v. Hudson and Goodwin)


In other wods, this **Court**, and **District Court**, may not simply

**"Make it up as they go along."** (in reliance on Ch. Corsuch, as

earlier cited)

> **"Subject Matter delineations must be policed by**
>
> **the courts on their own initiative even at the highest**
>
> **level."** 143 LED 2D 760, 526 US 574 Ruhrgas AG v. Marathon.


The United States may not simply offer a "plausable theory"

of violation(s); they must provide proof of standing by way of

evidence showing an actual "injury-in-fact" in order to evoke

**Article III** powers in the Courts.

In addition, no court may simply waive the importance of

subject matter jurisdiction:

> **"Issues of Subject Matter Jurisdiction are never waived**
>
> **and can be raised at any point in the proceeding."** see
>
> Dexia Credit Local v. Rugan 602 F.3d 879, 883 (ᵭth Cir
>
> 2010) [as reliance on 646 F.3d 420 Mendez v. Perla Dental
>
> (Oct 2010)]

## RELIEF REQUESTED

This Amicus humbly submits this brief and requests that this Court make a record entry; perform a finding of facts, to either support **Defendants** lawful convictions, as required to be in adherence of **Article III** and to assure his Constitutional rights are protected, or in the fact finding show that no such evidence exists to support such powers, rule accordingly, and DISMISS all charges, releasing **Defendant** from Federal custody.

Frank Edwin Pate
9595 West Quincy Ave
Littleton, CO 80123

## CERTIFICATE OF SERVICE

I, _Frank Pate_ , hereby certify that I have served a true and correct copy of the following:

This ACTION is deemed filed at the time it was delivered to prison authorities for forwarding, [See <u>Houston v Lack</u>, 101 L.Ed.2d 245 (1998)], upon the defendant(s) or plaintiff(s) and/or their attorney(s) of record, by placing said MOTION/PETITION in a sealed, postage prepaid envelope addressed to:

This LEGAL ACTION was deposited in the United States Mail at the Federal Correctional Institution-Englewood Facility, which is located at 9595 West Quincy Avenue, Littleton, CO 80123.

I declare, under penalty of perjury, that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

EXECUTED and SIGNED on this _13th_ day of _Sep._ ,201_ .

_____
Petitioner/Propria Persona
Reg. No.
FCI-Englewood
9595 West Quincy Avenue
Littleton, CO 80123