**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cr-00159-TWP-MJD |
| ) | |
| JARED S FOGLE, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO CORRECT CLEAR ERROR**

Defendant Jared Fogle's frivolous *pro se* Motion to Correct Clear Error Pursuant to Rule 52(b), Dkt [110], is **denied**. Fogle challenges the Court's subject matter jurisdiction over him.

On November 19, 2015, Fogle, represented by retained counsel Andrew Richard DeVooght, Jeremy Margolis, and Ronald E. Elberger, entered a plea of guilty to and was sentenced on Count 1, Conspiracy to Distribute/Receive Child Pornography and Distribution/Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and Count 2, Traveling and Attempting to Travel in Interstate Commerce to Engage in Illicit Sexual Conduct with a Minor, in violation of 18 U.S.C. §§ 2423(b) and (e). On July 1, 2016, Fogle's conviction and 188 month sentence were affirmed on appeal in *United States v. Fogle*, 825 F.3d 355 (7th Cir. 2016). Title 18 U.S.C. § 3231 provides that the district courts of the United States shall have original jurisdiction exclusive of the courts of the states on all offenses against the United States. The district court clearly had subject matter jurisdiction over Fogle's criminal proceedings.

In challenging the Court's jurisdiction, Fogle states that he "relies on Document #106, pages 1-23 filed on 9/21/2011 with this court." Dkt. [110] at 2. Document No. 106 is a Motion to Enter Amicus Curiae Brief filed by Frank Edwin Pate, an inmate at the same prison where Fogle is housed. Pate's filing contends the district court lacks subject matter jurisdiction over Fogle and states: "whether a judicial judgment is lawful depends on whether the sovereign has authority to

render it." Dkt. [106] at 4. If Fogle is now claiming to be "sovereign", the Seventh Circuit has rejected theories of individual sovereignty, immunity from prosecution, and their ilk. See *United States v. Burke,* 425 F.3d 400, 408 (7th Cir.2005); *United States v. Hilgeford,* 7 F.3d 1340, 1342 (7th Cir.1993) (rejecting the "shop worn" argument that a defendant is a sovereign and is beyond the jurisdiction bounds of the district court); *United States v. Sloan,* 939 F.2d 499, 500–01 (7th Cir.1991); *United States v. Schneider,* 910 F.2d 1569, 1570 (7th Cir.1990) (describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law"); *United States v. Phillips,* 326 Fed. Appx. 400 (7th Cir.2009) (dismissing jurisdiction arguments as frivolous because federal courts have subject matter and personal jurisdiction over defendants brought before them on federal indictments alleging violations of federal law). The Seventh Circuit has instructed that these theories should be rejected summarily, however they are presented. *U.S. v. Benabe*, 654 F.3d 753 (7th Cir. 2011).

Regardless of his theory, Fogle's challenge of this Court's jurisdiction is rejected and his Motion to Correct Clear Error Pursuant to Rule 52(b), Dkt. [110] is **DENIED**.

**SO ORDERED.**

Date: 11/8/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jared Fogle, #12919-028
Englewood Federal Correctional Institution
9595 West Quincy Avenue
Littleton, Colorado 80123

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE
steve.debrota@usdoj.gov