UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cr-00159-TWP-MJD-01 |
| | ) | |
| JARED S FOGLE, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY REGARDING OBJECTIONS TO NOVEMBER 8, 2017 ORDER
AND OPPORTUNITY TO CONVERT "MOTION TO CORRECT CLEAR ERROR"
TO A MOTION PURSUANT TO 28 U.S.C. § 2255**

This matter is before the Court on defendant Jared Fogle's ("Fogle") Objections to the Courts November 8 2017 order. *See* Dkts. 112 and 113.  The Court is also providing Fogle an opportunity to convert his Rule 52(b) motion to a motion pursuant to 28 U.S.C. § 2255,  if it was his intent to move to vacate or set aside the sentence imposed in this criminal case.

**A. The Rule 52(b) Motion**

On November 8, 2017, the Court denied Fogle's frivolous and untimely *pro se* Motion to Correct Clear Error Pursuant to Rule 52(b) of the Federal Rules of Civil Procedure.[1]  In that motion, Fogle challenges the Court's subject matter jurisdiction over this criminal case.  Because this district court clearly had subject matter jurisdiction over Fogle's criminal proceedings his motion was summarily denied. *See* 18 U.S.C. § 3231 (providing that "[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United

---

[1] Rule 52(b) states: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fogle's motion was filed on November 6, 2017, more than 28 days after the Entry of the Amended Judgment. See Dkt. [102] (entered August 25, 2017).  In addition, the reliance on the Federal Rules of Civil Procedure is misplaced in this criminal case.  A better fitting rule would be Rule 33 of the Federal Rules of Criminal Procedure.  Rule 33 gives the defendant a period of time to file a motion for a new trial and the court the ability to enter a new judgment.  Regardless of the Rule referenced however, Fogle is not entitled to any relief.

States.").

Now before the Court are Fogle's objections to that ruling. He references the Tenth Amendment and continues to deny that this Court has jurisdiction over this criminal case. He requests that a final judgment be issued on the Motion to Correct Clear Error Pursuant to Rule 52(b) so that an appeal may be taken.

A second final judgment shall not issue in this criminal case. A judgment is not necessary to appeal a ruling on a post-judgment motion. Rule 4(b) of the Federal Rules of Appellate Procedure sets forth rules governing the filing of an appeal in a criminal case. Rule 4(b)(A) provides, "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (1) the entry of either the judgment **or the order being appealed**; or (ii) the filing of the government's notice of appeal." (emphasis added). If Fogle would like to appeal the ruling on his frivolous motion, he may do so. Accordingly, Fogle's requests and objections, Dkts. [112], [113], and [114] are **denied**.

### B. A Motion under 28 U.S.C. § 2255

In the alternative, Fogle shall have **through January 10, 2018,** to notify the Court whether he would like his Rule 52(b) motion to be treated as a motion pursuant to 28 U.S.C. § 2255. In making this decision, Fogle is notified of the following:

A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "A post-judgment motion [in a criminal action in federal court] needs a source of authority

for the judge to act. . . ." *United States v. Scott,* 414 F.3d 815, 816 (7th Cir. 2005). This is because "[a] district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza,* 118 F.3d 707, 709 (10th Cir. 1997); *see also United States v. Krilich,* 257 F.3d 689, 693 (7th Cir. 2001).

Because of the circumstance described above, it is important that a defendant seeking relief pursuant to Section 2255 set forth all claims and grounds on which he seeks relief. The failure to do so jeopardizes the defendant's potential opportunity to present a claim which is omitted from the first such motion. As explained in *In Re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998), "[t]he amended section 2255 gives a convicted defendant only one further bite at the apple after his direct appeal unless he can demonstrate a compelling reason, as defined in the section (newly discovered evidence of innocence or a new and retroactive rule of constitutional law)."

Fogle shall have **through January 12, 2018** by which to notify the Court whether he would like his Rule 52(b) motion to be treated as a motion pursuant to 28 U.S.C. § 2255. If he chooses to proceed under 28 U.S.C. § 2255, he **must supplement** his motion filed on November 6, 2017 with a complete statement of the claims and grounds on which he could and does challenge his conviction and/or sentence. *Castro v. United States,* 540 U.S. 375, 383 (2003). He may, in the alternative, notify the Court that the filing of November 6, 2017, does constitute a complete statement of the claims and grounds on which he could and does challenge his conviction and/or sentence.

If Fogle does not inform the Court, by **January 12. 2018**, that he would like his November 6, 2017 motion to be proceed under Section 2255, that motion will be understood to be withdrawn insofar as it could be thought to seek relief authorized by 28 U.S.C. § 2255.

**SO ORDERED.**

Date: 12/13/2017

_(signature)_

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jared Fogle, #12919-028
Englewood Federal Correctional Institution
9595 West Quincy Avenue
Littleton, Colorado  80123

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE
steve.debrota@usdoj.gov

4