UNITED STATES SUPREME COURT
AND
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA
    Plaintiff

vs.                            Case No. 1:15-CR-00159-TWP-MJD

JARED S. FOGLE
    Defendant

## QUESTIONS FOR THE SUPREME COURT

COMES NOW, Defendant Jared S. Fogle, does hereby present the following questions for the Supreme Courts Justice, over the 7th Circuit Court of Appeals.

### QUESTION NUMBER ONE
### BACKGROUND

1) In a recent Denial of a Rule 52(b) Challenge to Subject Matter Jurisdiction, Judge PRATT for the court stated:

"Title 18 U.S.C § 3231 provides that the district courts of the United States shall have original juirsdiction exclusive of the courts of the states on all offenses against the United States. The district court clearly had subject-matter jurisdiction over Fogle's criminal proceedings."

According to this court, in United States vs. Cotton, 152 LED2D 860, 535 US 625, stating in part:

"Justice Homes explained that a district court "has jurisdiction of all crimes cognizable under the authority of the United States...."

Judge PRATT of the District Court offers no case law supporting her opinion of 8 November 2017.

In contrast, the 11th Circuit, found on a Subject Matter Jurisdiction challenge in, 185 Fed. Appx. 841, United States v. Strevell, 2006:

"The district court properly had Subject Matter Jurisdiction to convict Strevell pursuant to the charged statutes because it was clear that Congress intended to regulate Strevell's conduct even though all of Strevell's actions occured in the United States."

further in Strevell :

"The district courts Subject Matter Jurisdiction is a question of law subject to de novo review."

1

## REQUIRED FEDERAL NEXUS

According to 11th Cir., 776 F.3d 1309, United States vs. Carter:

"four counts of <u>travel</u> in foreign <u>commerce</u> <u>for</u> <u>the</u> <u>purpose</u> <u>of</u> <u>engaging</u> <u>in</u> <u>illicit</u> <u>sexual</u> <u>conduct</u> "<u>with</u> <u>a</u> <u>minor</u>" in <u>violation</u> <u>of</u> <u>18</u> <u>U.S.C.</u> § <u>2423(b)</u> <u>and</u> <u>(e)</u>"

This case, is precisely on point, as to stautory charges with FOGLES case; Judge PRATT rejected such an exact argument as this same case.

further in **Carter**:

"Rather, the mens rea required by 18 U.S.C. § 2423(b) <u>is</u> <u>that</u> <u>an</u> <u>individual</u> <u>travel</u> <u>for</u> <u>the</u> <u>purpose</u> <u>of</u> <u>committing</u> <u>certain</u> <u>acts</u>."

the **Fifth Circuit**, in 352 F.3d 200 United States v Bredimus, November 2003: in part states:

"Section 2423(b) only prohibits actual <u>travel</u> <u>with</u> <u>an</u> <u>illicit</u> <u>intent</u>, not just travel itself."

as well:

"Because the statute, as relevant here, only criminalizes foreign <u>travel</u> <u>when</u> <u>the</u> <u>travel</u> <u>is</u> <u>done</u> <u>with</u> <u>an</u> <u>illicit</u> <u>intent</u> we find that section 2423(b) <u>does</u> <u>not</u> impermissably burden the fundamental right to travel...."(see Bredimus)

additionally:

"18 U.S.C § 2423(b) contains an explicit jurisdicitonal element: once a United States citizen has traveled in foreign commerce, a federal court has jurisdiction <u>because</u> <u>the</u> <u>crime</u> <u>is</u> <u>complete</u> <u>once</u> foreign <u>travel</u> <u>occurs</u> <u>with</u> <u>illicit</u> <u>intent</u>: The United States Court of Appeals for the Fifth Circuit, finds therefore, that <u>the</u> <u>criminal</u> <u>act</u> <u>under</u> § <u>2423(b)</u> <u>is</u> foreign <u>travel</u> <u>with</u> <u>criminal</u> <u>intent</u>."

## QUESTIONS TO THE COURT ON SUBJECT MATTER JURISDICTION

1) Does the District Court hold subject matter jurisdiction over FOGLES charges of 2252(a)(2) and 2423(b)(e), by simple reliance of § 3231, as cited by Judge Pratt?

2) Is FOGLE entitled to raise a challenge to Subject Matter Jurisdiction at any time?

3) Does a district court hold jurisdiction over any offense alleged, if in fact, § 3231 was not properly enacted thru Constitutionally mandated Bicameralism requirements of Article 1, Sec 7 cl 2.?

4) Is the District Court, upon presentment of a challenge to Subject Matter Jurisdiction, required to address the challenge, and order the United States to "bear its burden of proof"?

## SECOND QUESTION TO THE COURT
## BACKGROUND

According to the District Court, and the Appeals court, FOGLE was charged, pleaded guilty, and sentenced for "Conspiracy to Distribute/Receive Child Pornography....." see ID at 1400, stating in part

"On November 19, 2015, Fogle, represented by retained counsel Andrew Richard DeVooght, Jeremy Margolis, and Ronald E. Elberger, entered a ples of guilty to and was sentenced on Count 1, Conspiracy to Distribute/Receive Child Pornography..." "in violation of 2252(a)(2)..."

In accordance with 18 U.S.C § 2252(a)(2) in toto:

"(2) knowingly receives, or distributes, any visual depiction using any means of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means includingby computer, or knowingly reproduces any visual depiction for distribution using any means of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or through the mails if --
   (A) the producing of such depiction involves the use of a minor engaging in sexually explicit conduct and
   (B) such visual depiciton is of such conduct."

According to this courts Holdings in Susan B. Anthony List, vs. Driehaus 134 S.Ct 2334; 189 LED 2D 246(2016)

"The party invoking federal jurisdiction bears the burden of establishing standing. Each element must be supported in the same way as any other matter on which the plainitff bears the burden of proof, i.e. with the manner and degree of evidence required at the successive stages of the litigation." Lujan, supra,at 561 112 S.Ct 2130, 119 LED 26 351""

## QUESTIONS TO THE SUPREME COURT

"Does the United States of America have standing to "charge" FOGLE with "conspiracy" relying on only § 2252(a)(2)and the enumerated text of § 2252(a)(2)?"

And:

"Does this District Court hold Subject Matter Jurisdiction over a "charge" of "conspiracy" which in fact, has neither been presented, nor passed by Congress and Senate thru the "Bicameralism" requirements of Article 1, S. 7 Cl.2?

Lastly:

"Does FOGLE have a Constitutional Right to be "charged" with only Congressionally enacted "law"? And, does a lack of Subject Matter Jurisdiction VOID any Judgement?

3

## THIRD QUESTION TO THE COURT

According to the Court, in 137 S. Ct 850, Baston v. United States, March 2017:

> "In **United States v. Lopez, 514 U.S. 549, 558-559, 115 S. Ct. 1624, 131 L.Ed 2d 626 (1995)**, we hel that Congress is limited to regulating three categories of interstate activity; "the use of the channels of interstate commerce," "the instrumentalities of interstate commerce," and "activites that substantially affect interstate commerce."

Also, in support relying on **Clapper v. Amnesty INTL, USA 568 U.S. __,__, 133 S. Ct. 1138, 1146 185 L.Ed 2d 264, 275 (2013)** in part:

> "the law of Article III standing, which is built on separation of powers principles, serves to prevent the judicial process from being used to usurp the powers from the political branches."

### LIMITATIONS OF POWERS

According to this court, in **National Federation on Indep. Bus, v. Sebelius,** 183 Led 2d 450, 465-466 (2012)(citations omitted)

> "And the Federal Government can exercise only the powers granted to it."

further in a Dissenting Opinion by Justices Thomas and Scalia:

> "**The powers of legislature are defined and limited.**"

Relying on Carrol v United States, 178 Led2d 799 (2011)(Citations Omitted and internal quotation marks omitted.)

Finally in **Carrol Anne Bond v. United States, 131 S. Ct 2355 (2011)** Internal quotations ommitted:

> "[A] law beyond the power of congress, for any reason is <u>no law at all</u>." [emphasis added]

### QUESTIONS FOR THE COURT

1) Is the Federal Court a court of limited Jurisdiction?

2) Is that limited Jurisdiction bound by the wording of a statute?

3) Is the United States allowed to "add on" to statutory constructions of law?

4) Is the court required to correct an "add on" when presented to the court(s)?

4

## CLOSING

**Defendant FOGLE**, humbly brings these questions before the Supreme Court of the United States of America, and ask this court to provide its guidance over the questions of law, as enumerated within this motion.

Respectfully Submitted this, 1st day of December 2017,

*[signature]*

Jared S. Fogle
Pro Se
9595 West Quincy Ave.
Littleton, CO 80123

CC : United States District Court of Southern District of Indiana
    A/USA for Southern District of Indiana

**Attachment "A"** November 11, 2017 "Economist" article outlining on point abuses as presented to this court.