UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA
**Plaintiff**

vs.                                                                 Case No. 1:15-cr-00159-TWP-MJD

JARED S. FOGLE
**Defendant**

### NOTICE TO THE COURT

**COMES NOW**, Defendant **FOGLE**, does hereby enter notice of the following:

In recent holdings (Doc. #135) this court issued an ORDER without Article III authority. Specifically, this court gave **FOGLE** "leave" to amend a prior Rule 52(b) (Criminal Procedure) motion, of which **FOGLE** challenges the District Courts "Subject Matter Jurisdiction." As this court is clearly lacking in Article III powers, and a Challenge to Subject Matter Jurisdiction has been noted on the record; coupled with the fact the United States has made no entry of record supporting their Burden, **FOGLE** must seek relief elsewhere.

Further, the court erred in its interpretation that **FOGLE** was relying on 52(b) ov the Civil Rules. **FOGLE** was not relying on such rule. In reliance on 52(b) of Fed. R. Cr. P. which states in toto:

> **"(b) A plain error that affects substantial rights may be considered even though it was not brought to the courts attention."**

Clearly, a notated error in the "conspiracy" component, which does not exist within the textual provision enumerated by congress in §2252(a)(2) yet was allowed to be charged, pled to, and sentenced for, (including restitutions) is affecting **FOGLES** "substantial rights." This court is limited in jurisdiction:

> **"Federal Courts are courts of limited jurisdiction. They posses only that power authorized by Constitution and statute which is not to be expanded by judicial decree."** (850 F.3d 296, United States v. Wahi, Feb. 2016, 7th Cir. COA)

Conspiracy is nowhere in the charge allowed by Congress. "Judicial Decree" is not allowed to "expand" and add this component to § 2252(a)(2). This court has done just such.

Further, in the second count charged, **FOGLE** did not **"travel for the purpose of engaging in illicit sexual conduct...."**. Congress clearly intended to see this "component" be evidenced, so as to provide Federal Nexus over such conduct. ("travel for the purpose of engaging in illicit sexual conduct")

Subject Matter Jurisdiction over this charge, does not exist. Disappointedly, this court continues to usurp authority it does not have. This court continues to rely on § 3231 as its "Subject Matter Jurisditional grant". This is in error, and incorrect application of law by this court.

> "Jurisdiction over the nature of the case and the <u>type of relief sought.</u>" further: "<u>the extent to which the court can rule on the conduct of the persons</u> or the status of things."

As Blacks Law 10th Edition clearly defines, **"relief sought"** and **"conduct of persons"** reveals that the statutes at large, (2 counts charged) hold in fact direction as to "Subject Matter Jurisdictional requirements" of this case. Section 3231 of title 18 offers no **"relief sought"**, nor **"conduct of persons"** components save for a "General Jurisdiction" over "offenses against laws of the United States." **FOGLE** has already shown, this court is one of **"limited jurisdiction"**.

**FOGLE** held no involvement with making of any pictures in this case. The United States admits this fact in the plea deal itself. **FOGLE** however was ordered to pay $1.2mm in restitutions associated which such pictures he held no knowledge of, nor fault over their creation. Further and also key, is the fact that **"interstate commerce"** (of said pictures) was not only not proven, yet in fact, is textualized thru the entire records, that TAYLOR lived and took the pictures in question in the city Of Indianapolis. **FOGLE** not charged with the "production" of such images, was not afforded the proof of, nor is it evident from the existing records, of the Federal Nexus requiring **"interstate commerce"**. Therefore, again, this court lacks in Article III authority.

**FOGLE** was alleged to have **"traveled for the purpose of engaging in illicit sexual conduct...."** This is simply not true. Jared **FOGLE** traveled for

the purpose of SUBWAY media representations. **FOGLE** was in New York City, for the New york City Marathon, as SUBWAY'S Spokeperson. **FOGLE**, wrongfully calling for a prostitute off of **backpage.com** website, was engaging into unlawful prostitution, a New York City and State offnse to be sure.

Authority over Prostitution, is not afforded under the Congressional reading of the statute at large. Article III authority does not in fact exist over **FOGLES** conduct.

### RULE 52(b) RELIANCE

Pursuant to, Rule 52(b) of the Criminal Procedures, Congress's intent is quite clear in the Notes. "This rule is simply a restatement of existing law." (see notes from the committee) **FOGLE** was/is completely within his rights, to raise these errors to the courts attention using the rule.

As this court is not a court of "General Jurisdiction", yet is one of "limited jurisdiction" as provided for by the statutes, enumerating the "conduct(s)" alleged, **FOGLE** has simply shown the court and the public record, that his conducts were not and are not Federally Nexus connected. As this court continue to rely on §3231 as its jurisdictiional "grant", [in error], **FOGLE** is forced to seek his relief in some other forum of law. **FOGLE** asks this court to take Notice of this fact, under Rule 201(e) of Federal Rules on Evidence.

### CLOSING

**FOGLE** is not in anyway, attempting to minimize his past conduct. Instead **FOGLE** is simply requesting his Constitutional Rights of the laws and his protections thus afforded him. This court continues to ignore the most fundamental record evidenced of facts:

Subject Matter Jurisdicion over Jared S. **FOGLES** past conduct is not extant in this case. Further and very obvious; "Conspiracy" is not a lawful component in the statute of 2252(a)(2) under Title 18. Therefore, it is not lawfully chargeable.

Humbly Submitted this 21st day of December 2017,

*[signature]*

Jared S. Fogle
Pro-Se
9595 W.Quincy Ave.
Littleton, CO 80123


CC; AUSA of the United States for the Southern District of Indiana