UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cr-00159-TWP-MJD |
| | ) |
| JARED S. FOGLE, | ) |
| | ) |
| Defendant. | ) |

## ODRER DENYING MOTION TO RECUSE

This matter is before the Court on a Motion to Recuse filed by *pro se* Defendant Jared S. Fogle ("Fogle") ([Filing No. 124](#)). Fogle asserts that there is bias against him on the part of the undersigned in violation of 28 U.S.C. § 455.[1] Fogle alleges bias against him due to:

A) Judge Tanya Walton Pratt is a mother of (2) teenage daughters;

B) Judge Tanya Walton Pratt, allowed a "conspiracy" charge, plea and sentence to be lodged against Fogle.

*Id.* Based on these assertions, Fogle respectfully requests that Judge Pratt "recuse herself from these proceedings." *Id.* For the reasons that follow, the Court **denies** the Motion to Recuse.

## I. FACTUAL BACKGROUND

On November 19, 2015, Fogle, represented by counsel, entered a plea of guilty to and was sentenced on Count 1, Conspiracy to Distribute and Receive Child Pornography and Distribution and Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2), and Count 2, Traveling and Attempting to Travel in Interstate Commerce to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. §§ 2423(b) and (e). On July 1, 2016, Fogle's conviction and 188 month

---

[1] Fogle actually cites 28 U.S.C. § 454, which precludes a sitting judge from practicing law. Given the nature of the motion, however, he likely intended to reference 28 U.S.C. § 455.

sentence were affirmed on appeal in *United States v. Fogle*, 825 F.3d 355 (7th Cir. 2016). Fogle filed an untimely motion for recusal on February 6, 2018, alleging that Judge Pratt is biased against him because she "is a mother of (2) teenage daughters,[2]" and she "allowed a charge, plea and sentence" to be lodged against him.

## II.  LEGAL STANDARDS

Regarding disqualification on the basis of actual bias, 28 U.S.C. § 455(b)(1) directs that any judge "shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . ."  An appearance of bias is addressed in 28 U.S.C. § 455(a), which states, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

> Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry. … An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person.

*In re Mason*, 916 F.2d 384, 385–86 (7th Cir. 1990) (citations omitted).

The Seventh Circuit has explained,

> [W]e have required recusal whenever there is a reasonable basis for a finding of an appearance of partiality under the facts and circumstances of the case. . . . Of course, needless recusals exact a significant toll; judges therefore should exercise care in determining whether recusal is necessary, especially when proceedings already are underway. [A] change of umpire mid-contest may require a great deal of work to be re-done . . . and facilitate judge-shopping.

*In re United States*, 572 F.3d 301, 308 (7th Cir. 2009) (citations omitted).

---

[2] This factual allegation is inaccurate, however no correction is necessary because this information is not relevant to the analysis of Fogle's claim.

2

### III.     DISCUSSION

Litigants are not entitled to pick their judges. *In re Specht*, 622 F.3d 697, 700 (7th Cir. 2010). Unlike some state systems, the federal judiciary does not permit a litigant to object to the initially assigned judge and require the substitution of another. *Id.* Maintaining the original, random selection promotes both the fact and the appearance of impartiality. See, e.g., *In re National Union Fire Insurance Co.,* 839 F.2d 1226 (7th Cir. 1988); *New York City Housing Development Corp. v. Hart,* 796 F.2d 976 (7th Cir. 1986).

Historically, a judge's personal circumstances, without more, have not amounted to grounds for recusal. All judges "come to the bench with a background of experiences, associations, and viewpoints," and "[t]his background alone is seldom sufficient in itself to provide a reasonable basis for recusal." *Brody v. President & Fellows of Harvard Coll.*, 664 F.2d 10, 11 (1st Cir. 1981). Similarly, "group membership alone is insufficient to create the appearance of bias" that requires recusal. *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 660 (10th Cir. 2002) (judge's religion insufficient grounds for recusal); *see also MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc*., 138 F.3d 33, 38 (2d Cir. 1998) ("Judges generally have political backgrounds to one degree or another but must be presumed, absent more, to be impartial."). Ultimately, claims of bias are insufficient under the recusal statute "if they go to the background and associations of the judge rather than to [her] appraisal of a party personally." *Menora v. Ill. High Sch. Asso*., 527 F. Supp. 632, 634 (N.D. Ill. 1981) (citing *Commonwealth of Pa. v. Local U. 541, Int. U. of Op. Eng*., 388 F. Supp. 155, 159 (E.D. Pa. 1974), aff'd 478 F.2d 1398 (3d Cir. 1974)). Another comparable example is Judge Constance Baker Motley's refusal to recuse herself in a civil rights action because she is Black, a woman and had represented many civil right plaintiffs in private practice. *Blank v. Sullivan and Cromwell,* 418 F.Supp. 1, 4 (S.D.N.Y.1975). In fact, a judge should

not recuse herself based on "unsupported, irrational, or tenuous speculation." *M.K. Metals, Inc. v. National Steel Corp.*, 593 F. Supp. 991, 994 (N.D. Ill. 1984), *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988).

Fogle first argues for recusal claiming that a judge presiding over a case involving child sex charges cannot be impartial if she is also a parent. While the Court could find no case that addressed a judge's parental status alone, this personal information signals background or affiliation, not partiality towards a given defendant. Even where a judge's close relative had been the child victim of a sex crime, the judge had no duty to recuse himself from a case involving child pornography. *See Cintron v. United States*, 401 F. Appx. 495 (11th Cir. 2010). The particularity of those circumstances only supports the more basic finding that parental status does not serve as grounds for recusal.

All of the judges in this court have children, as do countless other members of our nation's judiciary. This fact underscores the reality that "if background . . . of each judge [was], by definition, sufficient grounds for removal, no judge on this court could hear this case[.]" *Blank* 418 F. Supp. at 4 (denying motion for recusal in sex discrimination case on grounds that judge was female). Requiring recusal solely because a judge is a parent would hamstring the judiciary and depart from precedent that requires specific indicia of bias towards a party.

Regarding Fogle's second claim that recusal is warranted because the Judge erroneously "allowed a charge, plea and sentence" to be lodged against him; this claim has no merit. A motion to recuse because of appearance of partiality may not be based merely upon unfavorable judicial rulings, regardless of the correctness of those rulings. *Spangler v. Sears, Roebuck and Co., S.D.Ind.1991, 759 F.Supp. 1327.* Fogle has failed to meet the statutory requirements to warrant recusal under 28 U.S.C. § 455.

## IV.  CONCLUSION

Because Fogle makes unsupported claims of bias based on background information alone and allegations of an erroneous ruling, his Motion to Recuse (Filing No. 124) is **DENIED**.

**SO ORDERED.**

Date:  2/26/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jared S. Fogle, #12919-028
Englewood Federal Correctional Institution
9595 West Quincy Avenue
Littleton, Colorado  80123

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE
steve.debrota@usdoj.gov